Matter of Serafino.

## SUPREME COURT.

### In the Matter of FRANCESCA and GUISEPPI SERAFINO.

*Children — Not allowed to beg, collect refuse, &c., from markets — Such occupation a misdemeanor — How punishable — Power of magistrate to determine age of child.*

A child under the age of fourteen years who is found engaged in the occupation of collecting refuse from any market in a public street in the city of New York, is guilty of an offense punishable under the acts of 1877, and the act of 1881 amending the same, and may be committed by such magistrate to certain incorporated institutions, among which is the New York Catholic Protectory.

A police justice has the power and jurisdiction to so commit.

Such magistrate has the power, under the laws of 1882, to determine the

age of the child by personal inspection.  He is not obliged to direct an examination by a physician for that purpose.

The court has no power on *habeas corpus* to retry the questions of fact on which the findings of a court of original jurisdiction must be presumed to have been predicated.

*At Chambers, December,* 1883.

THIS was a *habeas corpus* directed to the managers of the New York Catholic Protectory, commanding them to produce the bodies of Francesca Serafino and Guiseppi Serafino.   The return to the writ stated in substance that the persons therein named were committed to the protectory by Solon B. Smith, Esq., one of the police justices of the city of New York. The commitment in each case stated in substance that, after having in due form of law examined the complainant and the witnesses produced, and the said child, and it appearing to the satisfaction of the justice by competent testimony and evidence that the allegations and matters set forth and charged in the complaint are true, and that the said child was found unlawfully engaged in the occupation of collecting refuse from the markets in a certain public street to wit: Barclay street in the city of New York, in violation of the provisions of certain statutes referred to in the commitment, therefore the justice committed the child, apparently under the age of fourteen and above the age of seven years, to the said protectory.

*Walsh & Fitzgerald,* attorneys for Serafino.

*Denis Quinn,* attorney for the Catholic Protectory.

*John B. Pine,* attorney for the Society for the Prevention of Cruelty to Children.

LAWRENCE, *J.* — The return shows that the magistrate had jurisdiction.   The offense is one punishable under the act of 1877, and the act of 1881 amending the same, and the magistrate had power, under the laws of 1882, to determine the age of the child by personal inspection.   He was not obliged to

direct an examination by a physician for that purpose (*See Laws of* 1877, *chap.* 428, *p.* 486; *Laws of* 1881, *chap.* 496, *p.* 669; *Laws of* 1882, *p.* 421). See also the opinion of the general term of this department *In the Matter of Wright* (29 *Hun,* 361 *and* 362), as to the power ⌐of the court on *habeas corpus* to retry the questions of fact on which the findings of the court of original jurisdiction must be presumed to have been predicated. The writ is dismissed and the prisoner remanded to the Catholic Protectory.